Rene ORTIZ VILLAFANE,
Plaintiff, Appellant,

v.

Louis A. SEGARRA, individually and doing business as AAA Customs Brokers, and his wife, Jane Doe, Defendants, Appellees.

No. 85–1995.

United States Court of Appeals, First Circuit.

Submitted June 6, 1986.

Decided June 26, 1986.

Rehearing Denied July 17, 1986.

* Of the Fifth Circuit, sitting by designation.

David Efron, Miami, Fla., on brief, for plaintiff, appellant.

Arturo Aponte Pares, on brief, for defendants, appellees.

Before COFFIN, Circuit Judge, BROWN,* Senior Circuit Judge, and BOWNES, Circuit Judge.

PER CURIAM.

This is an appeal by plaintiff-appellant, Rene Ortiz-Villafane, from the dismissal of his complaint for lack of jurisdiction. The complaint alleges federal jurisdiction under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968. We agree with the district court that the complaint fails to state a claim under RICO. Nowhere in the complaint is it alleged that the defendant committed any of the predicate acts enumerated in § 1961(1), nor is there any allegation of a pattern of racketeering activity by the defendant. Paragraph 8 of the complaint, which purportedly sets forth the factual basis for jurisdiction, states:

8. Without going into unnecessary detail describing at this time Defendant Segarra's fraudulent scheme executed during 1981, for jurisdictional purposes (under the RICO Act) we understand to be relevant the locking out of Plaintiff from his own business, denying him access to the new offices which were surreptitiously leased by Defendant Segarra, the keeping of and hiding of files regarding accounts and clients of the partnership belonging to both parties, misusing for Defendant's own benefit monies of the partnership as well as of clients, the changing of bank accounts, the communicating to clients of supposedly agreed-to changes; the bleeding of the partnership's income and profits for his (Defendant's) exclusive benefit, funnelling business for himself by holding off potential business income for extended periods of time, until Defendant Segarra's scheme to illegally remove Plaintiff from the business without his knowledge was completed.

As the Supreme Court has pointed out, a violation of § 1962(c) "requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. The plaintiff, of course, must allege each of these elements to state a claim." *Sedima v. Imrex Company, Inc.,* — U.S. —, — – —, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). No such allegations have been made in the complaint. And quoting § 1962(b)(c) and (d) of RICO, in paragraph 14 of the complaint, does not fill the gaps in the pleadings. The broad construction given RICO by the Supreme Court in *Sedima* is not a license to file a complaint asserting only generally that a defendant has violated RICO without the factual allegations necessary to implicate the pertinent provisions of the statute.

There is another matter that requires comment. We are disturbed by what can only be characterized as blatant misrepresentations in appellant's brief. At page 9, the brief states: "The district court entered summary judgment dismissing the Complaint, even though Appellant had been allowed to take no discovery at all." The record shows that on July 19, 1983, the defendant filed a motion for a protective order against further discovery by the plaintiff and that on August 29, 1983, the motion was denied. The record also shows that on October 18, 1983, the defendant filed answers to sixty-nine interrogatories served on him by the plaintiff.

On page 11, appellant's brief states: "The district court should have, at the very least, allowed Ortiz-Villafane to amend to allege the fact to be presented at a hearing on the motion to dismiss, particularly once discovery would have been allowed." This sentence is preceded by a section heading stating: *"The Court Did Not Allow Amendment."* Although appellant states on page 12 of his brief that "plaintiff moved to amend three years ago after commencement of the case, and over a year after filing its notice for trial," we have been unable to find in the record any motion to amend the complaint.

■ We find that this appeal is frivolous and pursuant to Federal Rule of Appellate Procedure 38 award defendant-appellee attorney's fees and double costs, such to be paid by the attorney for the appellant. Our decision to assess the attorney personally is because he drew the complaint, he is responsible for determining what is in the record, and he wrote the brief.

*Affirmed.*

ON PETITION FOR REHEARING

Upon consideration of appellant's petition for rehearing,

It is ordered that said petition be and the same hereby is denied.

In his petition for rehearing Attorney David Efron asserts that one of our reasons for assessing costs and attorney's fees against him is that we misunderstood his statement on page 12 of his brief. This does not explain his heading on page 11, "The Court Did Not Allow Amendment," and the first sentence immediately following it. Any attorney authorized to practice in the federal court should know that, in order to amend a complaint, a motion must be made to do so. In paragraph 5 of his petition for rehearing, Attorney Efron suggests that under Federal Rule of Civil Procedure 15(d), the court should have ordered a motion to amend if a timely motion had not been made. Rule 15(d) reads as follows:

(d) Supplemental Pleadings. *Upon motion of a party* the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefore. [Emphasis added.]

Unless a motion is made to amend the pleadings, the district court has no duty to order or even suggest an amendment. In his brief, Attorney Efron referred to Feder-

al Rule of Civil Procedure 15(a). In the last sentence of the paragraph discussing that rule, Attorney Efron states:

Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion and inconsistent with spirit of the federal rules.

This sentence suggests strongly that Attorney Efron had sought leave to amend the pleadings. Nowhere in his petition for rehearing does Attorney Efron state that he ever filed a motion to amend the pleadings. And, as we stated in our opinion, we have been unable to find any motion seeking leave to amend the pleadings in the record.

We also note that the petition for rehearing does not take issue with the second full paragraph *supra*, p. 2 discussing the representation that the district court dismissed the complaint, even though appellant was not allowed to take discovery when, in fact, the records show that the plaintiff had engaged in discovery and that the court had, in fact, denied a motion by the defendant seeking a protective order against further discovery by the plaintiff.