**Carlos QUIROS, Plaintiff, Appellee,**

v.

**Rafael HERNANDEZ COLON, Individually and as Governor of the Commonwealth of Puerto Rico, Defendant, Appellant.**

No. 86–1009.

United States Court of Appeals, First Circuit.

Submitted June 6, 1986.

Decided Aug. 29, 1986.

Rehearing Denied Sept. 23, 1986.

Jose Angel Rey, Saldana, Rey, Moran & Alvardo, Santurce, P.R., Hector Rivera Cruz, Secretary of Justice, and Rafael Or- tiz Carrion, Sol. Gen., Hato Rey, P.R., on brief for defendant, appellant.

Pedro Miranda Corrada, San Juan, P.R., Hector Urgell Cuebas and Jose Roberto Feijoo, Santurce, P.R., on brief, for plaintiff, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

COFFIN, Circuit Judge.

Plaintiff-appellee Carlos Quiros brought an action under 42 U.S.C. § 1983 alleging that defendant Rafael Hernandez Colon, Governor of the Commonwealth of Puerto Rico, dismissed him from the board of directors of the Government Development Bank in violation of his first amendment right of freedom of association and his fourteenth amendment due process rights protecting his liberty and property interests. After plaintiff presented his case, the federal court for the District of Puerto Rico granted the defendant's motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure. Defendant Colon then brought this suit against plaintiff for attorney's fees under 42 U.S.C. § 1988. The district court declined to assess attorney's fees against plaintiff under § 1988 and instead imposed fees on plaintiff's counsel under Rule 11 of the Federal Rules of Civil Procedure. Defendant appeals the district court's decision not to assess fees against plaintiff under § 1988. Because the court acted within its statutory discretion, we affirm.

42 U.S.C. § 1988 provides that "the court, in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The Supreme Court has held that when the prevailing party is a defendant, the district court may assess fees against the plaintiff under § 1988 only upon a finding "that the plaintiff's action was frivolous, unreasonable, or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (quoting *Christiansburg Garment Co. v.*

*EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978)).

The district court cannot be faulted for determining that plaintiff's first amendment claim—that he was unlawfully removed from the bank's board of directors because of his political affiliation—required close judicial scrutiny. Only after the court heard plaintiff's evidence was it able to conclude that the board position was one which fell within the *Elrod-Branti* exception to first amendment protection and that political affiliation thus was an appropriate basis for plaintiff's removal. *See Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Therefore, we find no error in the district court's conclusion that plaintiff's first amendment claim did not meet the standard articulated in *Hughes* for the imposition of fees.

Although the district court did not explicitly find that the plaintiff's due process claims met the *Hughes* test, we read the court's finding that there was "no possible excuse for having included the due process claims as part of the complaint under the facts of this case" as a finding that the standard was met. Nevertheless, in the circumstances of this case, we cannot say that the district court abused its discretion in declining to assess fees under § 1988. The statutory language—"the court, in its discretion, *may* allow" fees to prevailing parties—is permissive; we believe that it invests the district court with a reasonable measure of discretion to withold fees in cases where there are good reasons for doing so. We think there were adequate

reasons here for the court to resolve the fees issue as it did.[1]

Here the complaint contained both nonfrivolous and frivolous claims. We are reluctant to adopt a rule requiring a court to engage in such fine tuning that it must award fees as to an insubstantial claim even though another claim was more substantial and perhaps even prevailed.

While we recognize the principle that the parties are ultimately responsible for the conduct of their lawsuits, we do not want to deprive the trial court of flexibility in the myriad of situations in which attorney's fees or other sanctions may be assessed. The district court presided over all of the proceedings and is uniquely qualified to "perform the balancing of equities that is an integral part of the proceedings for award of attorney's fees." *P. Mastrippolito and Sons, Inc. v. Joseph,* 692 F.2d 1384 (3rd Cir.1982) (affirming district court's denial of defendant's motion for attorney's fees under § 1988).

The district court here noted that plaintiff's counsel had vast experience in litigation involving political discrimination and thus should have known that the due process claims were groundless. Accordingly, it did as we have done on appeal—assessed fees against counsel as opposed to client. *See, e.g., Villafane v. Segarra,* 797 F.2d 1, 2 (1st Cir.1986) (assessing fees for frivolous appeal against plaintiff-appellant's attorney personally since the attorney drew the complaint and wrote the brief); *cf. Gianfriddo v. The Western Union Telegraph Co.,* 787 F.2d 6, 7 (1st Cir.1986) (assessing attorney's fees and double costs against

---

1. *See Cloutier v. Town of Epping,* 714 F.2d 1184, 1193 (1st Cir.1983) (affirming fee denial under 1988 reasoning that "[a]lthough lacking in merit, we cannot say plaintiffs' claims, when brought, were so patently frivolous as to have required the district court to award fees").

On pages 12–13 of his brief, appellant cites eighteen cases supposedly "analogous" to the case before us in support of the proposition that the district court decision should be reversed as an abuse of discretion. Four of these cases are district court decisions awarding fees; eleven are simply affirmances of decisions allowing fees; one is actually a reversal of a decision

awarding fees which appellant has irresponsibly mischaracterized as a decision granting fees. Only two cases reverse district court denials of fee awards, and they reverse not for abuse of discretion, but for error. *Davidson v. Keenan,* 740 F.2d 129 (2d Cir.1984), the Second Circuit reversed a fee denial and remanded the case because the district court had applied a "good faith" standard instead of the *Hughes* test. In *Prochaska v. Marcoux,* 632 F.2d 848 (10th Cir. 1980), the Tenth Circuit held clearly erroneous the district court's finding that plaintiff's claim was nonfrivolous.

appellant with the proviso that "[i]f appellant's counsel did not advise against the propriety of taking this appeal ... then in good conscience he should reimburse appellant").

While two circuits have held that a district court's conclusion that counsel was primarily at fault in filing a frivolous claim is an inadequate ground for refusing to assess fees against plaintiff in a Title VII case, *Durrett v. Jenkins Brickyard, Inc.,* 678 F.2d 911, 916 (11th Cir.1982); *Prate v. Freedman,* 583 F.2d 42, 47–48 (2d Cir. 1978), in these cases the district court had not already assessed defendant's attorney's fees against plaintiff's counsel under a separate provision. The district court's Rule 11 award in this case serves to sanction and deter the filing of meritless claims and to compensate those forced to defend against them. Under these circumstances we find no abuse of discretion and affirm the district court's decision to decline to award defendant fees under § 1988 as well.

*Affirmed.*