Brun v. HHS                    CV-93-320-B    07/29/94

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Charles J. Brun

    v.                                    Civil No. 93-320-B

Donna E. Shalala, Secretary of
Health and Human Services


**O R D E R**


    Charles Brun challenges a decision by the Secretary of Health and Human Services denying his application for Social Security disability benefits.  Brun's principal contention is that the Secretary erroneously concluded that Brun was capable of returning to his former job as a machine operator at a gun factory.  Because there is substantial evidence in the record to support the Secretary's finding on this issue, I affirm her decision.

## I. <u>STANDARD OF REVIEW</u>

    Pursuant to 42 U.S.C.A. § 405(g), the court is empowered to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." In reviewing a Social Security decision, the factual findings of the Secretary "shall be conclusive if supported by 'substantial evidence.'" <u>Irlanda Ortiz v. Secretary of Health & Human Servs.</u>, 955 F.2d 765, 769 (1st Cir. 1991)(quoting 42 U.S.C. § 405(g)).[1]

---

[1]The Supreme Court has defined 'substantial evidence' as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 91 S.

Thus, the court must "'uphold the Secretary's findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the Secretary's] conclusion.'" Id. (quoting Rodriguez v. Secretary of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). Moreover, it is the Secretary's responsibility to "determine issues of credibility and to draw inferences from the record evidence," and "the resolution of conflicts in the evidence is for the Secretary, not the courts." Irlanda Ortiz, 955 F.2d at 769 (citing Rodriguez, 647 F.2d at 222).

## II.  BACKGROUND

Brun suffers from congenital deformities of the back, hands, knees and intestinal tract. As a result, he has undergone multiple surgeries beginning immediately after birth and continuing to the present. He also was determined to be eligible for disability benefits from November 1985 until February 1987. His full medical history is described in the stipulation of facts which I adopt as a part of this order.

---

Ct. 1420, 1427 (1971). "This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Comm'n, 86 S. Ct. 1018, 1026 (1966).

Brun applied for disability benefits on August 29, 1991. The Social Security Administration denied Brun's application and his request for reconsideration. Thereafter, on March 23, 1993, an Administrative Law Judge considered the matter de novo. Applying the five-step sequential analysis outlined in 20 C.F.R. § 404.1520, the ALJ determined that Brun was not disabled under Step 3 because Brun's condition did not "meet or equal the level of severity required to meet any of these listings under Section 1.00 [of 20 C.F.R. Pt. 404, Subpt. P., App.1] or any other listing." She also determined that Brun was not disabled under Step 4 because he retained the residual functional capacity to perform his prior work as a machine operator in a gun factory.[2]

---

[2]Although she was not required to do so, the ALJ also found at Step 5 of the sequential analysis that there are a significant number of jobs in the national economy that Brun is capable of performing. Because I there is substantial evidence to support the ALJ's Steps 3 and 4 findings, I do not address Brun's challenge to the ALJ's Step 5 analysis.

The Appeals Council denied Brun's request for review on May 28, 1993.

### III.  **ANALYSIS**

Brun challenges the ALJ's Step 4 analysis by claiming that she assigned insufficient weight to the opinion of Brun's treating physician, Dr. Graf, that Brun was totally disabled.[3]  I disagree.

First Circuit law does not require that an ALJ give greater weight to a treating physician's opinion.  <u>Arroyo v. Secretary of Health and Human Servs.</u>, 932 F.2d 82, 89 (citing <u>Tremblay v. Secretary of Health and Human Servs.</u>, 676 F.2d 11, 13 (1st Cir. 1982)).  An ALJ is thus entitled to reject a treating physician's conclusions and to accept contradictory medical evidence appearing in the record.  <u>Keating v. Secretary of Health and Human Servs.</u>, 848 F.2d 271, 275 (1st Cir. 1988).

_____

[3]Brun also challenges the ALJ's Step 3 analysis by baldly asserting that "we believe [Brun] does have an impairment or combination of impairments listed or medically equivalent to the listings."  However, he points to no evidence in the record to call into question the ALJ's contrary conclusion.  Nor has he attempted to explain how the ALJ's Step 3 analysis was deficient. Following the lead of the First Circuit Court of Appeals, I decline to speculate on the merits of this undeveloped claim. <u>See, e.g.</u>, <u>Alan Corp. v. International Surplus Lines, Inc.</u>, 22 F.3d 339, 343 n.4 ("we have often warned parties that issues raised in a perfunctory manner unaccompanied by some effort at developed argumentation, may be deemed waived").

4

In this case, there is ample evidence in the record to support the ALJ's rejection of Dr. Graf's ultimate disability determination. First, as the ALJ noted, Dr. Graf's disability opinion was inconsistent with his own observations that Brun was only partially restricted in his ability to perform activities including "standing, sitting, kneeling, bending from the waist, walking, sitting, climbing, pushing/pulling and lifting more than 15 lbs." Second, Brun's own testimony concerning his functional limitations was inconsistent with Dr. Graf's determination that Brun was totally disabled.[4] Finally, Dr. Burton Nault's December 1991 residual functional capacity assessment concluded that Brun

_____

[4]In this regard, there was substantial evidence in the record to support the ALJ's finding that
> [i]n assessing his own functional capacity, the claimant advised that he could stand for 15 to 30 minutes at a time, sit for one half hour to one hour at a time, walk approximately one eighth of a mile and lift approximately 5 pounds at a time. He further indicated that he needs to move around frequently. He also noted that he has the ability to pay attention to tasks and reported that he performs such activities as cooking, doing dishes, performing the cleaning requirements for his household, and driving. He reported that he takes Xantac for his intestinal condition but did not note the use of any medication for his alleged pain. It is also noted that the claimant's impairments are primarily congenital in nature and have not been shown to have deteriorated during the period of time around the claimant's March 14, 1991 alleged onset date.

5

could perform light work despite his multiple congenital abnormalities and his intestinal condition. Taken together, this evidence is more than sufficient to support the ALJ's decision not to accept Dr. Graf's ultimate conclusion.

Brun next argues that the ALJ failed to properly evaluate his subjective pain complaints. In determining the extent to which pain related to a medically determinable impairment affects a person's capacity to work, the applicable regulations specify that the ALJ must consider all of the available evidence, including the claimant's subjective pain complaints. 20 C.F.R. § 404.1529(c). However, subjective complaints must be evaluated in light of the medical and other evidence. 20 C.F.R. § 404.1529(c)(4); see generally, Avery v. Secretary of Health and Human Servs., 797 F.2d 19, 23 (1st Cir. 1986). If the ALJ properly completes this evaluation, her assessment of the claimant's subjective pain complaints will be upheld if it is supported by substantial evidence. Irlanda Ortiz, 955 F.2d at 769.

In the present case, the ALJ made the following findings with respect to Brun's subjective pain complaints:

> The claimant's complaints of disabling pain have been considered under the "pain" criteria contained in Ruling 88-13 and have been found to

6

be inconsistent with the claimant's activities of daily living and with the medical reports in the record.  I conclude that his alleged pain does not rise to the level that would significantly interfere with his ability to perform his past relevant work as a machine operator in a gun factory or the jobs identified by the impartial vocational expert.  The claimant has not required significant medical treatment subsequent to his March 14, 1991 alleged onset date to suggest that he had experienced an exacerbation which would interfere with his ability to perform the positions which he had been performing up through his alleged onset date.  The claimant's treating and examining physicians noted no new significant functional restrictions.  It is noted that the claimant's medical evaluations subsequent to his alleged onset date have been merely in conjunction with his application for disability benefits and not for treatment and control of his alleged symptoms.  The claimant has not reported the use of any prescription pain medication to control his alleged pain.  Therefore, since the claimant has not required significant medical treatment, has not exhibited any exacerbation in his medical condition and has not required any significant pain medication, I find that the claimant's allegations of pain cannot be as severe as he alleged.  Moreover, the claimant's daily activities do not support his allegation of total disability nor do they exemplify the degree of functional limitation that he claims.  The claimant's daily activities including [sic] cooking, performing the activities required to maintain his household, and driving.  Further, I have incorporated the claimant's own testimony regarding his specific functional limitations including his need to change positions between sitting and standing, his inability to lift more than five pounds and his inability to sustain repetitive movement of his upper and lower extremities.  Since the claimant has demonstrated an ability to perform a variety of physical

7

> functions and activities in spite of his alleged pain and since I have incorporated the claimant's own assessment of his functional abilities in formulating the residual functional capacity assessment reached in this decision, then it follows that his alleged pain cannot be as disabling as he alleges.

This analysis comports with the applicable regulations and is supported by substantial evidence in the record. Thus, I reject Brun's challenge to this aspect of the ALJ's decision.

Brun's final claim is that the ALJ's Step 4 analysis was incorrect because she misunderstood the work requirements of his job at the gun factory. The ALJ supportably found that

> [t]he claimant has the residual functional capacity to perform work-related activities for work involving work requiring greater than a sedentary exertional level, work which would not allow for a sit/stand option; work which would require repetitive movement of the upper or lower extremities; work which would not allow for right arm with extension limited to 120 degrees; work which would require lifting more than five pounds occasionally; work which would require overhead reaching, balancing, climbing, stooping, crouching or lifting form [sic] floor level.

Brun contends that even if this assessment of his work capacity is correct, he could not return to his job at the gun factory because his job required him to lift and carry 41 pound gun barrels on a regular basis. The only evidence Brun cites to support this contention is a functional job analysis supplied by

8

Brun's former employer.  However, this job analysis establishes that Brun was required to move a barrel weighing "approx. 4lbs." not 41lbs., as Brun suggests.  Moreover, this characterization of the job task analysis is inconsistent with the job description that Brun gave the ALJ during the hearing.  Thus, I must reject this argument as well.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, I grant the Secretary's motion (document no. 8) and affirm her decision denying Brun disability benefits.  Plaintiff's Motion for Order Reversing the Secretary (document no. 7) is denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

July 29, 1994

cc:  Vicki S. Roundy, Esq.
     Patrick Walsh, Esq.

9