Reil v. HHS                          CV-94-661-M    03/11/96
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Nancy Reil,
      Plaintiff,

      v.                                        Civil No. 94-661-M

Donna Shalala, Secretary
Health & Human Services,
      Defendant.


                            O R D E R


      Plaintiff, Nancy Reil, seeks review, pursuant to § 205(g) of

the Social Security Act ("Act"), 42 U.S.C. § 405(g), of a final

decision by the defendant, Secretary of Health and Human

Services, denying her application for Social Security benefits.

Before the court is plaintiff's motion (document no. 10) to

reverse the decision of the Secretary and remand the case for

further consideration.  For the reasons set forth below,

plaintiff's motion is granted.


I.    PROCEDURAL BACKGROUND

      On April 5, 1993, Reil filed applications for disability

benefits and Supplemental Security Income ("SSI"), alleging an

inability to work since October, 1992.  She later amended her

request, claiming she again became able to work, due to medical

improvement, in July, 1994.  The applications were denied initially and again on reconsideration by the Social Security Administration.  An Administrative Law Judge ("ALJ"), before whom Reil, her attorney, and a vocational expert appeared, considered the matter de novo and on August 2, 1994, issued a decision.  The ALJ concluded that the Reil was not entitled to either disability or SSI benefits during her alleged period of disability.  On November 23, 1994, the Appeals Council denied Reil's request for review, thereby rendering the ALJ's decision the final decision of the Secretary, subject only to judicial review.

Reil now contends that the Secretary's decision is not supported by substantial evidence.

## II.  FACTUAL BACKGROUND

Nancy Reil has a G.E.D., additional vocational training, and past work experience as a wrapper, assembler, and housekeeper. Most recently, Reil operated a welding machine at a General Electric ("GE") plant in Somersworth, New Hampshire.  She left that job for health-related reasons in October of 1992.

In September, 1992, Reil was twice taken to the emergency room at Wentworth-Douglass Hospital for treatment of lower back

strain.  On both occasions she was treated with pain-relieving drugs and advised that she could return to work.

On October 2, 1992, Reil was examined by Dr. Frank A. Graf, an orthopaedic surgeon who would become one of her treating physicians.  Dr. Graf diagnosed Reil's back problem as a thoracolumbar injury caused by her welding work at GE.  This condition caused Reil lower back pain that radiated down her legs, causing numbness and tingling.  Dr. Graf noted that, due to her back condition, Reil was no longer working and would not return to work in the immediate future.

In December, 1992, Reil was examined by Dr. Graf for pain in her hands, forearms, and elbows, which he diagnosed as bilateral upper extremity repetitive motion disorder caused by her previous work as an assembler and wrapper.

For the next year and a half, Reil was examined and treated by Dr. Graf and numerous other doctors and physical therapists for her back and upper extremity disorders.  The transcript of the administrative record ("Tr.") contains documentation of each of these sessions.  Dr. Graf examined Reil twelve times between October, 1992, and January, 1994.  In March, 1994, Dr. Graf assessed Reil's residual functional capacity ("RFC") for the

purpose of determining the type of work Reil could perform consistent with her physical limitations.

Between December, 1992, and March, 1994, Reil was also examined by Dr. Roy Hepner, another orthopaedic surgeon. Dr. Hepner saw Reil four times and also evaluated her ability to return to gainful employment.

At Dr. Graf's recommendation, Reil's back and upper extremity ailments were evaluated and treated by physical therapists Diane Kleist and Trish Going seven times between October, 1992, and February, 1994. In addition, Reil was treated by physical therapists at Frisbie Memorial Hospital thirty-four times between October, 1992, and March, 1993. Finally, Reil's conditions were examined and evaluated by Marsh Brook Rehabilitation Services in May, 1994.

While Reil's impairments were evaluated by these examining and treating professionals, two non-examining state agency medical consultants, Doctors A. Craig Campbell and William Phippen, also assessed her RFC. These assessments were performed in May, 1993, and September, 1993, respectively.

Reil was not employed at any time between October 2, 1992, and August 2, 1994, the date on which the Secretary denied her application for benefits.

4

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Factual findings of the Secretary are conclusive if supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); Ortiz v. Secretary of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991).[1]

In making those findings, it is for the Secretary to weigh and resolve conflicts in the evidence. Burgos Lopez v. Secretary of Health and Human Servs., 747 F.2d 37, 40 (1st Cir. 1984) (citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)). However, the ALJ must weigh that evidence in accordance with the applicable statutes and regulations. Thompson v. Sullivan, 987

---

[1] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). "[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300 (1939). This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. Consolo v. Federal Maritime Com., 383 U.S. 607, 620 (1966).

F.2d 1482, 1487 (10th Cir. 1993) ("[I]f the ALJ failed to apply the correct legal test, there is ground for reversal apart from a lack of substantial evidence."); Santagate v. Gardner, 293 F. Supp. 1284, 1287 (D. Mass. 1968) ("If the hearing examiner may have applied the law incorrectly, failing to make the necessary findings, district courts have remanded the case to the Secretary . . . .").

With the above principles in mind, the court reviews Reil's motion to reverse the decision of the Secretary.

## IV. DISCUSSION

An individual seeking Social Security disability benefits will be considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); see Faford v. Shalala, 856 F. Supp. 13, 15-16 (D. Mass. 1994). The Secretary of Health and Human Services will find a claimant disabled only if the claimant's

> physical or mental impairment or impairments
> are of such severity that [s]he is not only
> unable to do [her] previous work but cannot,

considering [her] age, education, and work
experience, engage in any other kind of
substantial gainful work which exists in the
national economy . . . .

42 U.S.C. § 423(d)(2)(A).

In finding Reil not disabled within the meaning of the Act, the ALJ utilized the mandatory five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920 (1995).[2] Step 5 of the evaluation process requires the ALJ to determine whether, despite the claimant's impairment, she retains the RFC to perform work existing in the national economy. Id. At Step 5, the ALJ determined that Reil had the RFC to perform "light work," and, therefore, was not disabled.

In her effort to demonstrate that the ALJ's decision is not supported by substantial evidence, Reil advances three separate, but interconnected, arguments. First, Reil claims that the ALJ erred in discounting her subjective complaints of pain when he

_____

[2] The ALJ is required to make the following five inquiries when determining if a claimant is disabled:
   (1) whether the claimant is engaged in substantial gainful activity;
   (2) whether the claimant has a severe impairment;
   (3) whether the impairment meets or equals a listed impairment;
   (4) whether the impairment prevents the claimant from performing past relevant work; and
   (5) whether the impairment prevents the claimant from doing any other work.
20 C.F.R. § 404.1520.

7

assessed her RFC.  Second, Reil argues that the ALJ erred in not assigning controlling weight to the RFC assessment performed by Dr. Graf, her treating physician, and crediting, instead, the RFC assessment of a non-treating source.  Third, Reil contends that the hypotheticals presented to the vocational expert who testified at her hearing did not contain all of the RFC restrictions noted by Dr. Graf and found by the ALJ.  Each of the alleged errors took place at Step 5 of the sequential analysis.

### A.    Subjective Complaints of Pain

The ALJ based his determination that Reil retained the RFC to do light work, in substantial part, on his finding that Reil's testimony as to the pain she experienced during the claimed period of disability was "not credible for several reasons." (Tr. at 16, Order of ALJ.)  First among those reasons was the ALJ's finding that Reil did "not require narcotics-containing medication and reports using over-the-counter preparations for fibromyalgic pain."  Id.  Second, the ALJ found that Reil's subjective complaints of pain were "not supported by statements from physicians or others in a position of familiarity with her condition."  Id.  Reil argues that both of these findings, and the resulting determination that her subjective complaints of

8

pain were not credible, are not supported by substantial evidence and constitute reversible error.

The ALJ is required to consider the subjective complaints of pain or other symptoms by a claimant who presents a "clinically determinable medical impairment that can reasonably be expected to produce the pain alleged." Avery v. Secretary of Health and Human Servs., 797 F.2d 19, 21 (1st Cir. 1986); 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529. "[C]omplaints of pain need not be precisely corroborated by objective findings, but they must be consistent with medical findings." Dupuis v. Secretary of Health and Human Servs., 869 F.2d 622, 623 (1st Cir. 1989); see Bianchi v. Secretary of Health and Human Servs., 764 F.2d 44, 45 (1st Cir. 1985). Here, the Secretary does not dispute that Reil's diagnosed fibromyalgia and repetitive motion disorder can reasonably be expected to produce the pain alleged.

Once a medically determinable impairment is documented, the effects of pain must be considered at each step of the sequential evaluation process. 20 C.F.R. § 404.1529(d). A claimant's medical history and the objective medical evidence are considered reliable indicators from which the ALJ may draw reasonable conclusions regarding the intensity and persistence of the claimant's pain. Avery, 797 F.2d at 23; 20 C.F.R. §

9

404.1529(c)(3). However, situations exist in which the reported symptoms of pain suggest greater functional restrictions than can be demonstrated by the medical evidence alone. Id.

When a claimant complains that pain or other subjective symptoms are a significant factor limiting her ability to work, and those complaints are not fully supported by medical evidence contained in the record, the ALJ must examine other relevant information. Avery, 797 F.2d at 23. The ALJ is required to consider the following seven factors: (1) the claimant's daily activities; (2) the location, duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, past or present; (5) treatment, other than medication, received for relief of pain or other symptoms, past or present; (6) any measures used, past or present, to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain. 20 C.F.R. § 404.1529(c)(3); Avery, 797 F.2d at 23, 28. If the claimant's complaints of pain are found to be credible under these criteria, the pain will be determined to diminish the claimant's capacity to work in Steps 4 and 5 of the sequential analysis. 42 U.S.C. § 423(d); 20 C.F.R. § 404.1529(c)(4).

10

In evaluating Reil's subjective complaints of pain, the ALJ took into account the type of medication she took to alleviate pain and other symptoms caused by her impairments. He determined that Reil used no narcotic-containing pain medications; rather, he found that she used only over-the-counter medications for pain. (Tr. at 16, ALJ Order.) These findings are not supported by substantial evidence.

At the hearing before the ALJ, Reil testified that she took Ativan, a prescription sleep medication, every day in order to sleep through the night without pain. (Tr. at 55-56.) She also testified that she had been prescribed Darvocet, a narcotic-containing analgesic, as well as Flexeril and Soma, two muscle relaxants. (Tr. at 61-62.) Reil also introduced her prescription records into evidence. (Tr. at 29-31.) Those records, (Tr. at 267-70, Ex. 30), confirm that during her claimed period of disability Reil was prescribed many different pain, sleep, and anti-inflammatory medications, several of which contained codeine or other narcotics. Because the ALJ failed to take into account the testimonial and documentary evidence of medications Reil took to alleviate pain and other symptoms, his finding that she took no narcotic-containing medications and only over-the-counter pain

11

relievers is not supported by substantial evidence and was not made in accordance with the Secretary's regulations.

Similarly, the ALJ's finding that Reil's subjective complaints of pain were not supported by the statements of her doctors or others familiar with her condition lacks substantial evidentiary support. Even a cursory examination of Reil's voluminous medical records reveals that accounts of her back, leg, and upper-extremity pain are present throughout the diagnoses and notes made by her doctors and physical therapists.[3] Indeed, in the treatment context, Reil often described her pain as extreme, ranging in severity from 7 to 10 on a 10 point scale. (Tr. at 188, 193, 200, 202.)

Because the two main findings upon which the ALJ based his evaluation of Reil's pain lack substantial evidentiary support and were not made in accordance with applicable regulations, his derivative conclusion that Reil's subjective complaints of pain were not credible cannot stand. Further, by discounting Reil's complaints of pain based on evidentiary oversights, the ALJ skewed his determination of her capacity to perform work, thereby undermining the entire Step 5 analysis. See Morin v. Secretary

---

[3] See, e.g., Tr. at 168-69, 176, 179, 180, 183, 185, 188, 189, 193, 194, 199, 200, 202, 206, 217, 224, 229, 231, 234, 237, 254, 262.

of Health and Human Servs., 835 F. Supp. 1414, 1427 (D.N.H. 1992); Kantowski v. Secretary of Health and Human Servs., No. C91-185-S, slip op. at 16-17 (D.N.H. Jan. 14, 1992); 20 C.F.R. § 404.1529(c)(4) (stating that ALJ must consider claimant's pain at all stages of the disability evaluation). Given the pervasive effect of the ALJ's error, the record is insufficient to allow this court either to assess the weight to be accorded Reil's pain or to determine Reil's capacity for work. Therefore, remand is appropriate. See Kantowski, supra at 17. On remand, the ALJ should conduct the Step 5 analysis de novo, evaluating Reil's subjective complaints of pain in light of all of the factors contained in 20 C.F.R. § 404.1529 and all the evidence of record.

B. **Weight Given Treating Physician's RFC Assessment and Vocational Expert Hypotheticals**

Because the ALJ will perform the entire Step 5 analysis de novo, the court need not address the other Step 5 errors Reil alleges. Suffice it to say that in weighing Dr. Graf's RFC evaluation and presenting hypotheticals to the vocational expert, the ALJ must take into account the pain he finds Reil to have suffered.

## V.   CONCLUSION

The ALJ's determination that Reil's subjective complaints of pain are not credible is not supported by substantial evidence. Therefore, Reil's motion to reverse the Secretary's decision (document no. 10) is granted, and the Secretary's motion to affirm the Secretary's decision (document no. 12) is denied.  The ALJ's improper assessment of claimant's pain compromises the entire Step 5 analysis.  Therefore, the case is remanded to the Secretary for a _de_ _novo_ determination as to whether Reil, during the period of her claimed disability, had the RFC to perform work which existed in the national economy.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

March 11, 1996

cc:  David L. Broderick, Esq.
     Raymond L. Kelly, Esq.

14