Costas ALEXANDROU, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.

No. 89 Civ. 6620 (RPP).

United States District Court, S.D. New York.

May 28, 1991.

Costas Alexandrou, pro se.

Otto Obermaier, U.S. Atty., S.D.N.Y., New York City, Sapna V. Raj, Asst. U.S. Atty., for defendant.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff commenced this action pro se under Section 205(g) and Section 1631(c)(3) of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3)

challenging a final determination of the Secretary of Health and Human Services (the "Secretary"), which found that the amount of plaintiff's retirement insurance benefits had been properly computed by including plaintiff's earnings for 1981 and 1984 in the proper amount.

The action is before the Court upon defendant's motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), affirming the decision of the Secretary and dismissing the complaint. The Court ordered counsel assigned in accordance with the random selection procedures of the Pro Se Office on March 5, 1990, but no counsel has undertaken representation of plaintiff who has difficulty in articulating the nature of his complaint due to language difficulties. For the reasons set forth below, defendant's application is granted and the case is remanded for further findings.

## BACKGROUND

Plaintiff filed an application for retirement insurance benefits on November 5, 1984 (Tr. 24027; 28–31). On April 23, 1985 plaintiff was informed that the amount of the benefits he and his wife were receiving would be increased to reflect the inclusion of his earnings record of wages for 1981 and 1984 (Tr. 33). Thereafter, the plaintiff requested that his benefits be recomputed. On May 12, 1986 the Social Security Administration ("SSA") notified plaintiff that all his earnings through 1984 had been included in his account (Tr. 36). He again requested a recalculation of his benefits (Tr. 47). On reconsideration, SSA affirmed its initial decision that plaintiff was receiving the maximum amount to which he was entitled and furnished a detailed explanation of the amount and method used to calculate his benefit rate (Tr. 49–54). Plaintiff requested a hearing to review the amount of his retirement insurance benefits, and on August 29, 1988 he appeared at a hearing before Administrative Law Judge ("ALJ") (Tr. 9–23). The ALJ considered the case *de novo* and, on October 31, 1988 concluded that plaintiff was receiving benefits in the correct amount (Tr. 5–7). The Appeals Council denied plaintiff's request for review (Tr. 2).

Plaintiff is now a 72 year old man who stopped working in 1984. Due to excess earnings in 1984, however, plaintiff received no benefits in that year (Tr. 32). Plaintiff's primary insurance amount, his retirement income on becoming 65 years of age, was calculated to be $375.60 based on the formula set forth in Section 216(a) of the Social Security Act, 42 U.S.C. 416(a) (Tr. 52). This figure was adjusted after July 1985, taking into consideration credits for plaintiff's earnings in 1984 after he reached age 65, and his monthly benefit was raised to $384.00 a month. Plaintiff claims he was told by SSA that his earnings for 1981 and 1984 were not recorded and complains that he has not received adequate proof that his earnings for 1981 and 1984 were considered in the computation of plaintiff's benefit rate. The ALJ determined that plaintiff's W–2 forms revealed Social Security wages for each year from the only employers for whom plaintiff claimed to have worked, McClean Service Co., Inc. and Corlear Gardens, and that all of said wages were included in the computation of plaintiff's benefits.

Plaintiff also claimed during the hearing before the ALJ that the Social Security checks he received in 1985 were not in the correct amount. "How is it possible that I'm getting paid as I have been told from 19— from the beginning of 1985 when I received this in July of 1985 and he's claiming the numbers weren't in yet at the time" (Tr. 12). "But I have not been paid what I have been entitled to from the beginning" (Tr. 18).

## DISCUSSION

In reviewing an ALJ's determination, a district court must consider whether the secretary's decision is supported by "substantial evidence." 42 U.S.C. §§ 405(h) and 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Donato v. Secretary of Health and Human Services*, 721 F.2d 414, 418 (2d Cir.1983). The substantial evidence test applies not only to findings of basic evidentiary facts, but also

to inferences and conclusions drawn from such facts. *See Levine v. Gardner*, 360 F.2d 727, 730 (2d Cir.1966). Thus the reviewing court is not to decide the case *de novo*, and the ALJ's decision on behalf of the Secretary will be conclusive even when the court's independent analysis of the evidence may differ from that of the Secretary. *See Bastien, Reading v. Mathews*, 542 F.2d 993, 997 (7th Cir.1976).

 One issue for determination here is whether there is substantial evidence to support the ALJ's findings that all plaintiff's earnings were included in the computation of his retirement insurance benefits and that he is currently receiving the proper increase. "Substantial evidence" is "more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427.

On this issue plaintiff offered only his statement in support of his contention of underpayment of benefits in that the 1981 and 1984 earnings were not included in the computation of his benefits. This single, unpersuasive item of evidence in no way controverts the SSA's detailed explanation and demonstration to plaintiff that the earnings for those years were included. It is undisputed that the inclusion of such earnings would result in a proper computation of proper amount of monthly retirement benefits for the plaintiff. Those determinations of the ALJ, therefore, meet the substantial evidence test and plaintiff's complaint lacks sufficient foundation for those determinations to be set aside.

Based on this Court's review of the transcript and decision below, the other issue raised by plaintiff before the ALJ and raised before this Court in pretrial conferences is not addressed in the decision of the ALJ (Tr. 507). Instead, the ALJ confined his findings to a finding of proper crediting of 1981–1984 earnings and a finding plaintiff was currently receiving the appropriate retirement benefit.

CONCLUSION

Accordingly, the motion for summary judgment is granted on the issues decided by the ALJ and the case is remanded to the Secretary for rehearing on the issue of whether the plaintiff in fact received the full amount of his Social Security payments at the full amount to which he was entitled, $387 a month, from January 1, 1985 to date, together with any interest that may be due and owing on payments not made prior to the readjustment of his monthly benefit. (42 U.S.C. § 405(g)).

IT IS SO ORDERED.