FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Receiver for Madison National Bank of Washington, Plaintiff,

v.

PARVIZIAN, INC., Abdolreza Parvizian, Abolghassem Parvizian, Giti Parvizian, Inger Parvizian, Manoucher Parvizian, Massud Parvizian, and Simin Parvizian, Defendants.

Civil Action No. 94–0132.

United States District Court, District of Columbia.

Jan. 31, 1996.

Anthony P. Interdonato, Interdonato, Reilly & Comstock, Washington, DC, for plaintiff.

Bobara E. Liles, U.S. Department of Justice, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

SULLIVAN, District Judge.

This matter is before the Court on the plaintiff's and the individual Parvizian defendants cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56(c). Upon consideration of the pleadings and the arguments of counsel, the plaintiff's motion for summary judgment is **GRANTED** in part and **DENIED** in part and the motion for summary judgment of defendants, Abdolreza Parvizian, Abolghassem Parvizian, Giti Parvizian, Inger Parvizian, Manoucher Parvizian, Massud Parvizian, and Simin Parvizian is **GRANTED**.

### I.

On December 14, 1989, defendant Parvizian, Inc. borrowed $750,000 from Madison National Bank, Washington, D.C. ("Madison"), under the terms of a revolving promissory note that was executed by Manoucher Parvizian, as president of Parvizian, Inc. Subsequently, on March 14, 1990, Parvizian, Inc. and Madison agreed to convert the revolving note into a term note and extended the maturity date until April 14, 1993. The Parvizian defendants, each in their individual capacity, confirmed their obligation to guaranty the March, 1990 note under the terms of a continuing guaranty agreement that was executed on September 15, 1988.[1] On May 10, 1990, Madison was declared insolvent and the Federal Deposit Insurance Corporation ("F.D.I.C.") was appointed as a receiver for Madison. On the same day, the F.D.I.C. accepted its appointment as receiver and succeeded to all of Madison's rights, title, powers, and privileges. However, after July 17, 1991, neither Parvizian, Inc. nor the individual Parvizian defendants made any payment of principal and interest under the March, 1990 note resulting in a default under the terms of the note.

On January 26, 1994, the F.D.I.C. commenced the present action against Parvizian, Inc. and the captioned individual Parvizian defendants to recover the amount due under the March, 1990 note. On the same day, another complaint was filed by the F.D.I.C. in the United States District Court for the District of Columbia against certain of the individual Parvizian defendants named here in a lawsuit captioned *Federal Deposit Insurance Corporation as Receiver for Madison National Bank of Washington v. Abdolreza Parvizian, Abolghassem Parvizian, Manoucher Parvizian, Massud Parvizian, Mohammad Taghi Parvizian, Ali Akbar Parvizian, Faramanz Massouvi*, Civil Action 94–0131. Civil Action 94–0131 involved F.D.I.C.'s attempt to recover amounts due under an October, 1989 promissory note—a note unrelated to the March 1990 note at issue in this action—that was modified by agreement of the parties thereto on December 12, 1990.

Civil Action 94–0131 was dismissed without prejudice on May 6, 1994 by stipulation of the parties after they had entered into a settlement agreement ("the 1994 Settlement Agreement") on or about April 25, 1994 that was signed by—among others—the same individual Parvizian defendants in the present action. The 1994 Settlement Agreement contained language of a mutual release under paragraph fifteen that reads as follows:

> The Parties hereto agree that this Agreement shall and does constitute the Parties' accord and satisfaction and mutual release of any and all demands, rights, claims, remedies, actions, causes of action or liabilities, (collectively "claims"), that any have against any other or against any heirs, successors, assigns, officers, directors, trustees, partners, representatives, agents or employees of the other; including without limitation any claims that have arisen, that could be asserted, either before a civil court of law, arising from or relating to the Promissory Note Debt and the Litigation.[2]

---

1. The 1988 guaranty signed by the Parvizian defendants was made "in consideration of, and to induce advances made or to be made, or other financial accommodations from time to time afforded or to be afforded to or at the request of Parvizian, Incorporated."

2. Under the 1994 Settlement Agreement, the "Promissory Note" is a defined term that refers to the October, 1989 promissory note as modified on December 12, 1990, and "the Litigation" is a defined term that refers to Civil Action 94–0131.

## II.

The corporate defendant, through counsel, has acknowledged that it has reviewed the original promissory note at the office of counsel for the F.D.I.C. However, Parvizian, Inc. maintains that judgment may not be entered until the F.D.I.C. surrenders the original promissory note to the Court. The plaintiff, in contrast, argues that it is now entitled to summary judgment against the corporate defendant. As it pertains to the Parvizian defendants individually, the plaintiff and defendants have asserted that the release contained in the 1994 Settlement Agreement is unambiguous; however, the parties disagree about the meaning and scope of the release language. Plaintiff maintains that the release is limited to claims arising out of Civil Action 94–0131 based upon the clear intent of the parties to the Settlement Agreement. On the other hand, the defendants argue that the release contained in the Settlement Agreement is a general release that applies to any claim that the parties had against each other at the time the Settlement Agreement was executed notwithstanding the fact that the agreement only refers to Civil Action 94–0131 specifically.

## III.

In ruling on cross-motions for summary judgment, the court shall grant summary judgment only if one of the moving parties is entitled to judgment as a matter of law upon material facts that are not genuinely disputed. *Rhoads v. McFerran*, 517 F.2d 66, 67 (2nd Cir.1975); *see* 6 James W. Moore et al., Moore's Federal Practice § 56.13, at 56–171 (2d ed. 1994). The cross-motions for summary judgment currently before the court present no genuinely disputed material facts that would preclude summary judgment for either party.

■ With respect to the corporate defendant, there are no genuinely disputed facts pertaining to defendant Parvizian, Inc.'s default in connection with the March, 1990 note. In addition, the provisions of the District of Columbia code cited by defendants do not require the original promissory note to be surrendered to the Court. Therefore, this Court shall grant plaintiff's motion for summary judgment against defendant, Parvizian, Inc.

■ As it pertains to the Parvizian defendants, individually, this Court must initially decide as a matter of law whether the release language contained in paragraph fifteen of the 1994 Settlement Agreement is ambiguous under District of Columbia law.[3] *Bagley v. Foundation for Preservation of Historic Georgetown*, 647 A.2d 1110, 1113 (D.C.1994). Under District of Columbia law, if the language of a release is not ambiguous on its face, the Court "must rely solely upon its language as providing the best objective manifestation of the parties' intent." *Bolling Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 475 A.2d 382, 385 (D.C.1984). In addition, a release—as a form of contract—is not rendered ambiguous by the mere fact that the parties thereto do not agree upon the proper construction of its terms. *See Young v. Delaney*, 647 A.2d 784, 790 (D.C.1994). Furthermore, extrinsic evidence that bears upon the subjective intent of the parties to a contract may be considered only if the document is ambiguous. *1010 Potomac Assoc. v. Grocery Manufacturers*, 485 A.2d 199, 205 (D.C. 1984); *see also Hershon v. Gibraltar Bldg. & Loan Ass'n, Inc.*, 864 F.2d 848, 853 (D.C.Cir. 1989) ("[C]ourt must hold the parties to the plain meaning of the terms of the agreement and must ignore as irrelevant any extrinsic evidence that might show that the language did not properly reflect their intent.").

■ This Court agrees with the parties that the release language contained in the Settlement Agreement is unambiguous. However, the Court considers the defendants' construction of the release to be proper and finds the plaintiff's position unpersuasive. To this end, our Circuit Court has determined that a release containing language discharging "any and all claims" is unambiguous and constitutes a general release that should not be construed narrowly. *Hershon v. Gibraltar Bldg. & Loan Ass'n*,

---

3. Paragraph seventeen of the Settlement Agreement provides that the agreement shall be construed under the laws of the District of Columbia.

*Inc.*, 864 F.2d at 852; *see also Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F.3d 562, 568 (7th Cir.1995) ("[Release] written in extremely broad terms ... [containing] 'any and all' language is not ambiguous.") *See Bolling Fed. Credit Union v. Cumis Ins. Soc'y, Inc.*, 475 A.2d at 386.

While plaintiff has acknowledged that there is language of a general release contained in paragraph fifteen of the Settlement Agreement, it maintains that since the paragraph only refers to Civil Action 94–0131 specifically that the release is limited by implication to that action. However, when paragraph fifteen is read as a whole as the plaintiff encourages this Court to do, it is clear that if given its plain meaning, the parties intended a general release "of *any and all* [claims], including *without limitation* any claims that have arisen" in connection with Civil Action 94–0131. (emphasis supplied).

Plaintiff maintains that when the 1994 Settlement Agreement is read as a whole, it is clear that the parties intended to settle Civil Action 94–0131 only. Accordingly, plaintiff contends, *inter alia*, that other provisions of the Settlement Agreement refer in detail to underlying facts addressing the March, 1990 loan at issue in Civil Action 94–0131 and that the settlement provided for the specific dismissal of Civil Action 94–0131. Plaintiff further argues that the agreement is silent with respect to the action now before this Court.

■ Although Civil Action 94–0132 is not expressly mentioned in any provision of the Settlement Agreement, the general release contained in paragraph fifteen is not inconsistent with the agreement as a whole. *Hershon*, 864 F.2d at 852–53. The mere fact that an agreement providing for a general release is silent with respect to certain matters in dispute at the time the release was executed "does not mean that obligations and documents not expressly mentioned or integrated were not released." *Id.* at 853. As in *Hershon*, if the plaintiff desired to limit the scope of the release in the Settlement Agreement to exclude other obligations for which the Parvizians were potentially liable in their individual capacities, "it was incumbent upon them to identify those debts [or obligations]

explicitly...." *Id.* Its failure to do so provides this Court with the basis for granting the Parvizian defendants' motion for summary judgment.

In reaching this conclusion, this Court is guided by the considered rationale articulated by the Circuit Court in *Hershon*, which addresses the identical issue raised by the parties in the present case. In *Hershon* the Court stated:

> "[I]t is fundamentally important that parties be able to rely on the explicit language of written contracts. The public interest in certainty and finality is too critical to allow every agreement to be subjected to collateral attack. [¶] This policy applies with special force to releases, which are designed to resolve disputes out of court—not to spawn litigation. Parties will enter settlement agreements only if they are assured that the language contained in such releases will be treated as definitive and final."

*Hershon*, 864 F.2d at 853.

Accordingly, it is this ___ day of January, 1996 hereby

**ORDERED**, that plaintiff's motion for summary judgment against defendant, Parvizian, Inc. is GRANTED; and it is

**FURTHER ORDERED**, that judgment is entered in favor of plaintiff and against defendant, Parvizian, Inc. in the amount of $579,843.09, plus late fees in the amount of $21,290.13 and interest from August 31, 1995, at the rate of $117.49 per day; and it is

**FURTHER ORDERED**, that plaintiff's motion for summary judgment against defendants, Abdolreza Parvizian, Abolghassem Parvizian, Giti Parvizian, Inger Parvizian, Manoucher Parvizian, Massud Parvizian, and Simin Parvizian is **DENIED**; and it is

**FURTHER ORDERED**, that the motion for summary judgment of defendants, Abdolreza Parvizian, Abolghassem Parvizian, Giti Parvizian, Inger Parvizian, Manoucher Parvizian, Massud Parvizian, and Simin Parvizian is **GRANTED**.

**IT IS SO ORDERED.**