Palermo v. SSA                    CV-02-259-M    07/16/03

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Erica L. Palermo,
      Claimant

      v.                                    Civil No. 02-259-M
                                            Opinion No. 2003 DNH 122
JoAnne B. Barnhart,
Commissioner, Social Security
Administration,
      Respondent


## O R D E R


Pursuant to 42 U.S.C. § 405(g), claimant, Erica L. Palermo, moves to reverse the Commissioner's decision denying her application for Social Security disability insurance benefits, under Title II of the Social Security Act, 42 U.S.C. § 423.  The Commissioner, in turn, moves for an order affirming her decision. For the reasons given below, the matter is remanded to the Administrative Law Judge ("ALJ") for further proceedings consistent with this opinion.


## Standard of Review

The applicable standard of review in this case provides, in pertinent part:

> The [district] court shall have power to enter, upon
> the pleadings and transcript of the record, a judgment
> affirming, modifying, or reversing the decision of the
> Commissioner of Social Security, with or without
> remanding the cause for a rehearing. The findings of
> the Commissioner of Social Security as to any fact, if
> supported by substantial evidence, shall be conclusive
> . . .

42 U.S.C. § 405(g) (setting out the standard of review for DIB decisions). However, the court "must uphold a denial of social security disability benefits unless 'the [Commissioner] has committed a legal or factual error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 16 (1st Cir. 1996) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## Background

The parties have submitted a Joint Statement of Material Facts (document no. 12), which is part of the court's record. The facts included in that statement are not recited here, en masse, but will be referred to as necessary.

Claimant's insured status expired on September 30, 1994. On April 27, 2000, she filed an application for Social Security disability insurance benefits, claiming that she had become

2

disabled, as a result of bipolar disorder, on September 28, 1990. During the consideration of claimant's application, a Psychiatric Review Technique form ("PTRF") was completed. (Administrative Transcript ("Tr.) at 223-231.) According to the evaluator who completed the PTRF, claimant suffered from bipolar syndrome, an affective disorder. However, the evaluator determined that there was insufficient evidence to evaluate the functional limitations that would have defined the severity of claimant's impairment.

On September 11, 2001, a hearing was held before an ALJ. In the body of his decision, dated November 29, 2001, the ALJ discussed the medical evidence in the record at some length and in some detail. But he did not mention the Psychiatric Review Technique form, nor did he frame his analysis in terms of the technique for evaluating mental impairments set out in 20 C.F.R. § 404.1520a. The ALJ's decision concludes with a set of formal findings, including the following:

> 3. The medical evidence establishes that on the date her insured status expired the claimant had bipolar disorder, an impairment which is severe but which does not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.

(Tr. at 24-25.)

## Discussion

While claimant's brief is not as clear as it might be,[1] she appears to argue that the ALJ's decision should be reversed, and she should be awarded benefits, because the ALJ: (1) determined, incorrectly, that her condition did not meet or equal any listed impairment; (2) found, without substantial evidence, that claimant had the residual functional capacity to perform jobs that involved occasional interaction (up to two and one half hours per day) with co-workers; (3) determined, incorrectly, that claimant was capable of performing the jobs of office helper and cleaner, when both involved production quotas; and (4) failed to consider claimant's agoraphobia, which limited the availability of the jobs mentioned by the vocational expert to less than significant numbers. The Commissioner disagrees, categorically.

To be eligible for disability insurance benefits, a person must: (1) be insured for such benefits; (2) not have reached

---

[1] The brief is also single-spaced, contrary to LR 5.1(a), which requires all filings to be double-spaced.

4

retirement age; (3) have filed an application; and (4) be under a disability. 42 U.S.C. §§ 423(a)(1)(A)-(D). The only question in this case is whether claimant was under a disability at any time before September 30, 1994, the date on which her insured status expired.

For the purpose of determining eligibility for disability insurance benefits,

> [t]he term "disability" means . . . inability to engage
> in any substantial gainful activity by reason of any
> medically determinable physical or mental impairment
> which can be expected to result in death or which has
> lasted or can be expected to last for a continuous
> period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A). Moreover,

> [a]n individual shall be determined to be under a
> disability only if [her] physical or mental impairment
> or impairments are of such severity that [she] is not
> only unable to do [her] previous work but cannot,
> considering [her] age, education, and work experience,
> engage in any other kind of substantial gainful work
> which exists in the national economy, regardless of
> whether such work exists in the immediate area in which
> [she] lives, or whether a specific job vacancy exists
> for [her], or whether [she] would be hired if [she]
> applied for work. For purposes of the preceding
> sentence (with respect to any individual), "work which
> exists in the national economy" means work which exists

5

in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).

In order to determine whether a claimant is disabled for the purpose of determining eligibility for disability insurance benefits, an ALJ is required to employ a five-step process. <u>See</u> 20 U.S.C. §§ 404.1520.

The steps are: 1) if the [claimant] is engaged in substantial gainful work activity, the application is denied; 2) if the [claimant] does not have, or has not had within the relevant time period, a severe impairment or combination of impairments, the application is denied; 3) if the impairment meets the conditions for one of the "listed" impairments in the Social Security regulations, then the application is granted; 4) if the [claimant's] "residual functional capacity" is such that he or she can still perform past relevant work, then the application is denied; 5) if the [claimant], given his or her residual functional capacity, education, work experience, and age, is unable to do any other work, the application is granted.

<u>Seavey v. Barnhard</u>, 276 F.3d 1, 5 (1st Cir. 2001) (citing 20 C.F.R. § 416.920, which outlines the same five-step process as the one prescribed in 20 C.F.R. § 1520).

6

The claimant bears the burden of proving that she is disabled. See Bowen v. Yuckert, 482 U.S. 137, 146 (1987). She must do so by a preponderance of the evidence. See Mandziej v. Chater, 944 F. Supp. 121, 129 (D.N.H. 1996) (citing Paone v. Schweiker, 530 F. Supp. 808, 810-11) (D. Mass. 1982)). Finally,

In assessing a disability claim, the [Commissioner] considers objective and subjective factors, including: (1) objective medical facts; (2) plaintiff's subjective claims of pain and disability as supported by the testimony of the plaintiff or other witness; and (3) the plaintiff's educational background, age, and work experience.

Mandziej, 944 F. Supp. at 129 (citing Avery v. Sec'y of HHS, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote v. Sec'y of HHS, 690 F.2d 5, 6 (1st Cir. 1982)).

Claimant argues that the ALJ's decision should be reversed, and she should be awarded benefits, because the ALJ incorrectly determined that her condition did not meet or equal a listed impairment. More specifically, claimant argues that, from September 28, 1990, through September 30, 1994, her condition met the requirements set out in 20 C.F.R. § 404, subpt. P, App. 1, Pt. A, secs. 12.04(A)(1) & (B).

7

There is a problem with the ALJ's step-three determination, but not one that leads necessarily to an award of benefits. The ALJ did not refer to the Psychiatric Review Technique form in the record, and did not frame his step-three analysis in terms of the technique set out therein.

> At the initial and reconsideration levels of the administrative review process, [the Social Security Administration ("SSA")] will complete a standard document to record how [it] applied the [special] technique [for evaluating the severity of mental impairments]. At the administrative law judge hearing . . . level[] [the ALJ] will document application of the technique in the decision.

20 C.F.R. § 404.1520a(e). Furthermore, "[a]t the administrative law judge hearing . . . level[], the written decision issued by the administrative law judge . . . must incorporate the pertinent findings and conclusions based on the technique." 20 C.F.R. § 404.1520a(e)(2). Here, the ALJ conducted an analysis of the medical evidence, but did not document application of the required psychiatric review technique in his decision. Overlooking the requirements of 20 C.F.R. § 404.1520a(e) amounts to legal error necessitating remand. On remand, the ALJ should frame a step-three analysis that documents application of the

8

psychiatric review technique and that incorporates the findings listed in the form that was completed and included in the record.

## Conclusion

For the reasons given, claimant's motion to reverse the ALJ's decision (document no. 10) is denied, as is the Commissioner's motion for an order affirming the ALJ's decision (document no. 11).  However, because the ALJ's decision did not properly document application of the psychiatric review technique, it is appropriate to remand the matter.

Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the ALJ for further proceedings.  The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 16, 2003

9

cc:  Bradley M. Lown, Esq.
     David L. Broderick, Esq.