Colby v. SSA                          CV-03-171-M    02/20/04
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Joyce Colby,
      Claimant

      v.                                 Civil No. 03-171-M
                                         Opinion No. 2004 DNH 037
Jo Anne B. Barnhart, Commissioner,
Social Security Administration,
      Respondent


                          **O R D E R**


      Pursuant to 42 U.S.C. § 405(g), Joyce Colby (claimant) moves

for reversal of the Commissioner's decision denying her

application for Social Security disability insurance benefits

under Title II of the Social Security Act, 42 U.S.C. § 423.  The

Commissioner, in turn, moves for an order affirming her decision.

For the reasons given below, the decision of the Commissioner is

remanded for further proceedings consistent with this opinion.



I.    **STANDARD OF REVIEW**

      42 U.S.C. § 405(g) provides the standard of review:

      The [district] court shall have power to enter, upon
      the pleadings and transcript of the record, a judgment
      affirming, modifying, or reversing the decision of the
      Commissioner of Social Security, with or without
      remanding the cause for a rehearing. The findings of

the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . .

The court must "uphold a denial of Social Security disability benefits unless 'the Secretary has committed a legal or factual error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 16 (1st Cir. 1996) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)). Furthermore, "[i]t is the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence." Irlanda Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (citations omitted). The Commissioner, rather than the court, must resolve conflicts in the evidence. Id.

The Commissioner's findings of fact must be supported by substantial evidence. 42 U.S.C. § 405(g). That test applies both to factual findings and to inferences and conclusions drawn from those facts. Alexandrou v. Sullivan, 764 F. Supp. 916, 917-918 (S.D.N.Y. 1991) (citing Levine v. Gardner, 360 F.2d 727, 730 (2d Cir. 1966)). "Substantial evidence is 'more than [a] mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Currier v.

2

<u>Sec'y of HEW</u>, 612 F.2d 594, 597 (1st Cir. 1980) (quoting <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971)). This court must affirm a properly supported determination, even if a contrary conclusion might arguably be justified by the record. <u>Evangelista v. Sec'y of HHS</u>, 826 F.2d 136, 144 (1st Cir. 1987).

### A.   Claimant's Burden

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment. <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987); <u>Santiago v. Sec'y of HHS</u>, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove that her impairment prevents her from performing her former type of work.  <u>See</u> <u>Gray v. Heckler</u>, 760 F.2d 369, 371 (1st Cir. 1985) (citing <u>Goodermote v. Sec'y of HHS</u>, 690 F.2d 5, 7 (1st Cir. 1982)).  Nevertheless, the claimant

is not required to establish a doubt-free claim.  The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence."  See Paone v. Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982).

B.    The Commissioner's Burden

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective assertions of pain and disability, as supported by the testimony of the claimant and other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Sec'y of HHS, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote, 690 F.2d at 6.  Provided the claimant has shown an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform.  See Vasquez v. Sec'y of HHS, 683 F.2d 1, 2 (1st Cir. 1982).  If the Commissioner shows the existence of other jobs that the claimant can perform, then the overall burden to demonstrate disability remains with the claimant.  See Hernandez v. Weinberger, 493 F.2d

4

1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F.Supp 698, 701 (D.N.H. 1982).

### C.   The Sequential Evaluation

When deciding whether a claimant is disabled, the Commissioner must make a "sequential evaluation" which includes the following five determinations: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from performing past relevant work; and (5) whether the impairment prevents the claimant from doing any other work. See 20 C.F.R. § 404.1520.  Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of
> such severity that [s]he is not only unable to do [her]
> previous work but cannot, considering [her] age,
> education, and work experience, engage in any other
> kind of substantial gainful work which exists in the
> national economy, regardless of whether such work
> exists in the immediate area in which [s]he lives, or
> whether a specific job vacancy exists for [her], or
> whether [s]he would be hired if [s]he applied for work.

42 U.S.C. § 423(d)(2)(A).

## II. BACKGROUND

### A. Procedural History

Claimant first applied for disability insurance benefits on August 4, 2000. She claimed that lower back injuries had left her unable to work since February 15, 2000. Her application was denied, and she immediately requested a hearing before an Administrative Law Judge ("ALJ"). At that hearing, held on December 11, 2001, the ALJ determined that claimant was not disabled within the meaning of the Social Security Act. Specifically, the ALJ found that claimant was not engaged in substantial gainful activity and, while she had a severe impairment, it was not medically equivalent to a listed impairment. He further found that while she could not return to her prior relevant work, there was work within the national economy that she could perform. The Appeals Council declined to review the ALJ's decision, making it a final agency determination ripe for judicial review. 42 U.S.C. § 405(g).

### B. Stipulated Facts

Pursuant to local rule 9.1(d), the parties have submitted a Joint Statement of Material Facts (document no. 13), which is

part of the court's record.  The facts included in that statement are recounted only to the extent relevant to the disposition of this matter.

C.  The ALJ's Findings

The ALJ found that claimant met the nondisability requirements for a period of disability and for disability insurance benefits and was insured for benefits through the date of his decision.  He further found that claimant had not engaged in substantial gainful activity since the alleged onset of her disability (step one) and that her impairment was "severe" based on the requirements in 20 C.F.R. § 404.1520(b) (step two). Although severe, claimant's impairments did not, in the ALJ's view, meet or medically equal the impairments in Appendix 1, Subpart P, Regulation No. 4 (step three).

To make his determinations at steps four and five, the ALJ was obligated to determine claimant's residual functional capacity ("RFC"), in essence, her ability to perform work-related activities.  He found that she had the residual functional capacity for sedentary work, with the following restrictions: (1)

claimant needed to be able to change her position every half hour; (2) she could only occasionally balance, kneel, or crouch; and (3) she was limited to performing tasks that only occasionally required overhead reaching with her left arm. In making his RFC determination, the ALJ found claimant not to be totally credible regarding her claim of complete inability to work.

Based on the limitations noted above, the ALJ determined that claimant was unable to perform her past relevant work (step four), but was able to perform a significant range of sedentary work available in the national economy (step five). Based on the testimony of a vocational expert, the ALJ found that claimant could perform the occupations of general office clerk and office helper, which the ALJ characterized as "other sedentary work." (Tr. at 23.) Because there were a significant number of general office clerk and office helper jobs in the national economy, the ALJ determined that claimant was not under a disability, as defined in the Social Security Act, at any time through the date of his decision. Therefore, the ALJ found claimant was not

8

entitled to a period of disability or disability insurance benefits based on her August 4, 2000, application.

## III. DISCUSSION

Claimant asserts three errors that require remand to the ALJ. First, claimant argues that the ALJ failed to identify, inquire into, or resolve an apparent conflict between the vocational expert's testimony and listings in the Dictionary of Occupational Titles ("DOT"). Next, claimant contends that the ALJ based his step-five determination on testimony from the vocational expert given in response to an inappropriate hypothetical question. Finally, claimant argues that the ALJ erred by not finding her subjective allegations concerning her limitations to be completely credible.

Respondent objects, contending that the vocational expert's testimony merely elaborated on DOT information, rather than conflicting with it. Respondent also asserts that the hypothetical question posed to the vocational expert was appropriate because it included all the limitations that the ALJ found claimant to have. Because, respondent argues, the ALJ

correctly determined that claimant's subjective allegations regarding her limitations were not completely credible, he was not required to include those limitations in the hypothetical question posed to the vocational expert.

A. Conflict between the DOT and the Vocational Expert

The ALJ first found that claimant could perform a significant range of sedentary work and then, based on the vocational expert's testimony, found that claimant could perform two occupations, office helper (DOT 239.567-010) and general office clerk (DOT 209.562.010), both of which were available in significant numbers in the national economy. Both occupations, however, are rated in the DOT as "light work," which is defined by the regulations as an occupation that "requires a good deal of walking or standing" while "jobs are sedentary if walking and standing are required only occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567.

According to Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (S.S.A.), when a vocational expert testifies, the ALJ must inquire as to whether or not that testimony conflicts with

10

the DOT.  If there is a conflict, the ALJ must recognize it and state, on the record, how the conflict was resolved.  In pertinent part, SSR 00-4p provides:

> When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS evidence and information provided in the DOT.  In these situations, the adjudicator will:
>
> > Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
> >
> > If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.
>
> When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or a decision that the individual is or is not disabled.  The adjudicator will explain in the determination or decision how he or she resolved the conflict.  The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

Id. at *4.


Although SSR 00-4p provides that "[n]either the DOT nor the VE or VS evidence automatically 'trumps' when there is a

11

conflict," Id. at *2, there are certain areas, including

exertional requirements, in which the DOT controls.  Id. at *3.

Regarding exertional requirements, the ruling provides:

> We classify jobs as sedentary, light, medium, heavy and
> very heavy (20 CFR 404.1567 and 416.967).  These terms
> have the same meaning as they have in the exertional
> classifications noted in the DOT.
>
> Although there may be a reason for classifying the
> exertional demands of an occupation (as generally
> performed) differently than the DOT (e.g., based on
> other reliable occupational information), the
> regulatory definitions of exertional levels are
> controlling.  For example, if all available evidence
> (including VE testimony) establishes that the
> exertional demands of an occupation meet the regulatory
> definition of "medium" work (20 CFR 404.1567 and
> 416.967), the adjudicator may not rely on VE testimony
> that the occupation is "light" work.

Id. (emphasis added).


    1.   Office helper

The vocational expert testified that the office helper job

"is actually classified as light," but "it's enough of a mix of

sitting and standing that it could be either way -- sedentary or

light."  (Tr. at 63.)  The ALJ accepted that testimony without

explaining, in his decision, how he resolved the conflict between the vocational expert's testimony and the DOT.

According to claimant, the ALJ's failure to explain his resolution of the conflict renders his reliance on the vocational expert's testimony untenable. The Commissioner contends that the vocational expert was merely elaborating on specifics not included in the DOT, rather than contradicting it. She also relies on SSR 00-4p:

> The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT.

2000 WL 1898704 at *3. While it is true that "[e]vidence from VEs or VSs can include information not listed in the DOT," id. at *2, the vocational expert in this case did not merely supplement the information listed in the DOT; she offered an opinion fundamentally inconsistent with the DOT regarding a matter in which "the regulatory definitions . . . are controlling." Id. at *3. Because the DOT lists office helper as a light occupation, the ALJ was not entitled to rely upon vocational expert testimony

13

in finding it to be sedentary. As a result, the ALJ's determination that claimant retained the residual functional capacity to work as an office helper was not supported by substantial evidence, and cannot be affirmed.

### 2. General office clerk

Regarding the occupation of general office clerk, the ALJ did not inquire into whether there was any conflict between the vocational expert's testimony and the DOT. It appears that the vocational expert (and the ALJ) assumed the occupation was sedentary, but, because the ALJ did not inquire, the record is inconclusive. Regardless of the vocational expert's assumptions, the DOT lists the general office clerk occupation as light and under SSR 00-4p the DOT controls. Because the ALJ determined that claimant had the residual functional capacity for only a range of sedentary work, his decision that claimant was capable of performing the "light work" occupation of general office clerk was not supported by substantial evidence, despite his reliance on a vocational expert. Because that determination was based on insubstantial evidence, it cannot be affirmed.

14

Because neither occupation proposed by the vocational expert and accepted by the ALJ can be performed by a person with a residual functional capacity limited to sedentary work, the Commissioner's decision is vacated and the matter is remanded to the ALJ for further findings and/or proceedings not inconsistent with this decision.

### B. Claimant's other allegations of error

Because the matter is remanded on the grounds outlined above, it is not necessary to address claimant's arguments concerning the ALJ's hypothetical question and his credibility determination.

## IV. CONCLUSION

For the foregoing reasons, claimant's motion to reverse and remand (document no. 10) is granted in part and denied in part. To the extent it seeks reversal of the Commissioner's decision denying her benefits, that motion is denied. To the extent it seeks remand to the ALJ for further consideration, it is granted. The Commissioner's motion for an order affirming her decision (document no. 12) is necessarily denied.

15

Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is remanded to the ALJ for further proceedings. The Clerk shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 20, 2004

cc:  David L. Broderick, Esq.
     Raymond J. Kelly, Esq.