Cox v. SSA                                         CV-03-438-SM  06/24/04

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Tammy L. Cox,
      Claimant

      v.                                          Civil No. 03-438-SM
                                                  Opinion No. 2004 DNH 097
Jo Anne B. Barnhart,
Commissioner, Social
Security Administration,
      Respondent


                            **O R D E R**

      Pursuant to 42 U.S.C. § 405(g), claimant Tammy L. Cox moves

to reverse the Commissioner's decision denying her application

for disability insurance benefits, or DIB, under Title II of the

Social Security Act, 42 U.S.C. § 423, and for supplemental

security income, or SSI, under Title XVI, 42 U.S.C. § 1382.  The

Commissioner, in turn, moves for an order affirming her decision.

For the reasons given below, the decision of the ALJ is affirmed.



                         **Standard of Review**

      The applicable standard of review in this case provides, in

pertinent part:


      The [district] court shall have power to enter, upon
      the pleadings and transcript of the record, a judgment

> affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .

42 U.S.C. § 405(g) (setting out the standard of review for DIB decisions); see also 42 U.S.C. § 1383(c)(c) (establishing § 405(g) as the standard of review for SSI decisions).  However, the court "must uphold a denial of social security . . . benefits unless 'the [Commissioner] has committed a legal or factual error in evaluating a particular claim.'"  Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 16 (1st Cir. 1996) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

The Commissioner's findings of fact be supported by substantial evidence.  "The substantial evidence test applies not only to findings of basic evidentiary facts, but also to inferences and conclusions drawn from such facts."  Alexandrou v. Sullivan, 764 F. Supp. 916, 917-18 (S.D.N.Y. 1991) (citing Levine v. Gardner, 360 F.2d 727, 730 (2d Cir. 1966)).  In turn, "[s]ubstantial evidence is 'more than [a] mere scintilla.  It means such relevant evidence as a reasonable mind might accept as

2

adequate to support a conclusion.'" Currier v. Sec'y of HEW, 612 F.2d 594, 597 (1st Cir. 1980) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Finally, when determining whether a decision of the Commissioner is supported by substantial evidence, the court must "review[] the evidence in the record as a whole." Irlanda Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriquez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981)).[1]

## Background

The parties have submitted a Joint Statement of Material Facts (document no. 9), which is part of the court's record. The facts included in that statement will be referred to as necessary. The ALJ made the following relevant findings:

> 4. [Claimant's] medically determinable impairments do not meet or medically equal one of the listed

---

[1] "It is the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence. Indeed, the resolution of conflicts in the evidence is for the [Commissioner], not the courts." Irlanda Ortiz, 955 F.2d at 769 (citations omitted). Moreover, the court "must uphold the [Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Tsarelka v. Sec'y of HHS, 842 F.2d 529, 535 (1st Cir. 1988).

impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

. . .

7. The claimant has the residual functional capacity to perform sedentary exertional activities, but for the need to avoid more than occasional balancing, crouching or crawling. She is unable to kneel or climb. She is limited from lifting more than 5 pounds with her right upper extremity, but using her left upper extremity to assist she can lift as much as 10-20 pounds occasionally and up to 10 pounds frequently. She needs to avoid exposure to fumes, odors, dust and gases and to poor ventilation.

8. The claimant's past relevant work as receptionist did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. § §§ 404.1565 and 416.965).

9. The claimant's medically determinable bilateral knee pain with degenerative arthritis of the knees, bursitis of the right shoulder and obesity do not prevent the claimant from performing her past relevant work.

(Administrative Transcript ("Tr.") at 36.) Based upon the foregoing findings, the ALJ ruled that claimant was not eligible for DIB or SSI benefits. (Id.)

4

## Discussion

According to Cox, the ALJ's decision should be reversed, and/or the case remanded, because the ALJ lacked substantial evidence for: (1) his determination that she was not fully credible;[2] and (2) his residual functional capacity ("RFC") determination.  The Commissioner disagrees categorically.

To be eligible for disability insurance benefits, a person must: (1) be insured for such benefits; (2) not have reached retirement age; (3) have filed an application; and (4) be under a disability.  42 U.S.C. §§ 423(a)(1)(A)-(D).  To be eligible for supplemental security income, a person must be aged, blind, or disabled, and must meet certain requirements pertaining to income and assets.  42 U.S.C. § 1382(a).  The question presented by this case is whether the ALJ correctly determined that claimant was

_____

[2] Buried in claimant's credibility argument is a suggestion that the ALJ erroneously determined, at step three, that her medically determinable impairments did not meet or equal a listed impairment.  Because that argument is merely suggested rather than developed, and because it is flatly incorrect, owing to claimant's ability to walk for as much as fifteen minutes with no more than a single cane (Tr. at 54; 20 C.F.R. § 404, Subpart P, Appendix 1, 1.00B2b(1)), it merits no consideration.

5

not under a disability within the meaning of the Social Security statutes and regulations.

For the purpose of determining eligibility for disability insurance benefits,

> [t]he term "disability" means . . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A); see also 42 U.S.C. § 1382c(a)(3)(A) (setting out a similar definition of disability for determining eligibility for SSI benefits).  Moreover,

> [a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which [she] lives, or whether a specific job vacancy exists for [her], or whether [she] would be hired if [she] applied for work. . . .

6

42 U.S.C. § 423(d)(2)(A) (pertaining to DIB benefits); see also

42 U.S.C. § 1382c(a)(3)(B) (setting out a similar standard

determining eligibility for SSI benefits).


In order to determine whether a claimant is disabled for the

purpose of determining eligibility for either DIB or SSI

benefits, an ALJ is required to employ a five-step process. See

20 U.S.C. §§ 404.1520 (DIB) and 416.920 (SSI).

> The steps are: 1) if the [claimant] is engaged in
> substantial gainful work activity, the application is
> denied; 2) if the [claimant] does not have, or has not
> had within the relevant time period, a severe
> impairment or combination of impairments, the
> application is denied; 3) if the impairment meets the
> conditions for one of the "listed" impairments in the
> Social Security regulations, then the application is
> granted; 4) if the [claimant's] "residual functional
> capacity" is such that he or she can still perform past
> relevant work, then the application is denied; 5) if
> the [claimant], given his or her residual functional
> capacity, education, work experience, and age, is
> unable to do any other work, the application is
> granted.

Seavey v. Barnhard, 276 F.3d 1, 5 (1st Cir. 2001) (citing 20

C.F.R. § 416.920).

7

The claimant bears the burden of proving that she is disabled.  See Bowen v. Yuckert, 482 U.S. 137, 146 (1987).  She must do so by a preponderance of the evidence.  See Mandziej v. Chater, 944 F. Supp. 121, 129 (D.N.H. 1996) (citing Paone v. Schweiker, 530 F. Supp. 808, 810-11) (D. Mass. 1982)).  However,

> [o]nce the [claimant] has met his or her burden at Step 4 to show that he or she is unable to do past work due to the significant limitation, the Commissioner then has the burden at Step 5 of coming forward with evidence of specific jobs in the national economy that the [claimant] can still perform.  Arocho v. Sec'y of Health & Human Servs., 670 F.2d 374, 375 (1st Cir. 1982).  If the [claimant's] limitations are exclusively exertional, then the Commissioner can meet her burden through the use of a chart contained in the Social Security regulations.  20 C.F.R. § 416.969; Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, App. 2, tables 1-3 (2001), cited in 20 C.F.R. § 416.969; Heckler v. Campbell, 461 U.S. 458 (1983). "The Grid," as it is known, consists of a matrix of the [claimant's] exertional capacity, age, education, and work experience.  If the facts of the [claimant's] situation fit within the Grid's categories, the Grid "directs a conclusion as to whether the individual is or is not disabled."  20 C.F.R. pt. 404, subpt. P, App. 2, § 200.00(a), cited in 20 C.F.R. § 416.969.  However, if the claimant has nonexertional limitations (such as mental, sensory, or skin impairments, or environmental restrictions such as an inability to tolerate dust, id. § 200(e)) that restrict his [or her] ability to perform jobs he [or she] would otherwise be capable of performing, then the Grid is only a "framework to guide [the] decision," 20 C.F.R. § 416.969a(d) (2001).  See also Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1996) (discussing use of Grid when applicant has nonexertional limitations).

<u>Seavey</u>, 276 F.3d at 5 (parallel citations omitted).  Finally,

> In assessing a disability claim, the [Commissioner]
> considers objective and subjective factors, including:
> (1) objective medical facts; (2) plaintiff's subjective
> claims of pain and disability as supported by the
> testimony of the plaintiff or other witness; and (3)
> the plaintiff's educational background, age, and work
> experience.

<u>Mandziej</u>, 944 F. Supp. at 129 (citing <u>Avery v. Sec'y of HHS</u>, 797

F.2d 19, 23 (1st Cir. 1986); <u>Goodermote v. Sec'y of HHS</u>, 690 F.2d

5, 6 (1st Cir. 1982)).

<u>1. Credibility Determination</u>

According to claimant, the ALJ failed to properly evaluate

her subjective complaints of pain within the framework

established by <u>Avery</u>, the relevant regulations, and Social

Security Ruling ("SSR") 96-7p.

As noted above, the ALJ found claimant's allegations

regarding her limitations to be not credible, for reasons set out

in the body of his decision.  The ALJ made the following

observations:

9

While Dr. Doane provided additional restrictions with regard to use of the right upper extremity, there is little medical evidence in [the] file regarding treatment for the claimant's complaint of pain in the right shoulder. There is no evidence that the claimant has complained of ongoing symptoms to Dr. Clingman who, as an orthopedic specialist, is treating her knee problems.[3] Dr. Clingman indicated that the claimant had unlimited ability to reach (Exhibit 21F, p.3). There are no objective tests in [the] file to establish gross abnormalities of the right shoulder and the claimant received only minimal care from Mr. Jorgensen, ARNP, in January 2002. Dr. Boucher noted, in August 2002, that the claimant's primary complaint was her difficulty walking. She acknowledged that she was able to lift as much as a gallon of milk and there is no indication that Dr. Boucher found the claimant restricted with regard to use of her upper extremities. . . . The undersigned has also considered the claimant's subjective complaints. While there is evidence to support her complaints of chronic knee pain, there is no evidence that she needs to elevate her legs every 10 minutes as asserted at [the] hearing. Dr. Clingman indicated only that she needed to stand and walk "a few steps to stretch her legs" after sitting. It is also important to note that Dr. Clingman felt the claimant needed to be more motivated to lose weight as this would reduce some of her knee pain as well as some of her other complaints (Exhibit 20F).[4]

_____

[3] Claimant did, however, complain to Dr. Clingman of shoulder pain at least once, as he contemplated, but ultimately decided against, giving claimant a cortisone shot in her shoulder.

[4] Claimant also argues at some length that the ALJ failed to properly take her obesity into account. To the contrary, while he did report Dr. Clingman's opinion regarding claimant's obesity, the ALJ also included obesity in his listing of claimant's impairments (Tr. at 34, 36) and neither blamed

10

(Tr. at 34-35.) In response to the foregoing, claimant argues that "[t]he ALJ acknowledged much of the relevant criteria to consider in weighing a claimant's subjective complaints but in writing his decision he did not fully and fairly apply the criteria to the facts of this case."

According to SSR 96-7p (61 Fed. Reg. 34483, 1996 WL 362209), "[t]he reasons for the [ALJ's] credibility finding must be grounded in the evidence and articulated in the determination or decision," and "[t]he determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Here, the ALJ's credibility determination meets the standard set out in SSR 96-7p.

Regarding claimant's complaint of disabling shoulder pain, the ALJ found that report less than fully credible based upon:

claimant for her obesity nor discounted the severity of the other impairments exacerbated by her obesity.

11

(1) a lack of objective medical findings; (2) claimant's limited complaints to her doctors about shoulder pain and concomitant limited treatment history; (3) a physician's explicit indication of unlimited upper extremity mobility; and (4) claimant's own description of her physical abilities. Regarding claimant's testimony that she needed to elevate her legs every ten minutes, the ALJ found that report less than fully credible based upon: (1) a lack of any evidence for that claim other than claimant's assertion; and (2) a physician's statement that claimant's knee pain could be relieved by standing and walking a few steps. While claimant objects to the weight the ALJ placed on various pieces of evidence used to support his conclusion, re-weighing that evidence is beyond the scope of judicial review in a case such as this, where the ALJ has conducted the analysis required by Avery, SSR 96-7p, and relevant regulations. See Irlanda Ortiz, 955 F.2d at 769 (citations omitted). Accordingly, the ALJ's credibility determination provides no basis for reversing his decision or remanding the case.

## 2. Residual Functional Capacity Determination

Claimant also argues that the ALJ's determination of her residual functional capacity ("RFC") was not supported by substantial evidence in the record. Specifically, she argues that "the record demonstrates that she did not have the ability to sustain work activities 8 hours a day, 5 days a week, week in and week out at the sedentary exertional level." She points to the pain caused by her medical condition, and she relies largely upon her discussion of the credibility issue.

Claimant's argument is not persuasive. The ALJ discussed claimant's daily living activities in his decision (Tr. at 32) and gave detailed synopses of: (1) Dr. Meader's May, 8, 2002, state-agency medical record review (Tr. at 33); (2) Dr. Boucher's August 27, 2002, independent medical examination (Tr. at 33); (3) Dr. Doane's March, 7, 2003, functional capacity assessment (Tr. at 33); and (4) Dr. Clingman's March, 8, 2003, functional capacity assessment (Tr. at 33). Moreover, nearly every element of the ALJ's RFC determination is consistent with the findings of both treating physicians, and, in the one area of conflict between the medical opinions – restrictions on claimant's use of

13

her right upper extremity – the ALJ adequately explained the basis for his crediting Dr. Clingman over Dr. Doane. In sum, claimant has identified no legally sufficient basis for reversing the ALJ's RFC determination or remanding the case for further consideration of that issue.

## Conclusion

For the reasons given, claimant's motion to reverse the Commissioner's decision (document no. 6) is denied and the Commissioner's motion for an order affirming her decision (document no. 8) is granted. The Clerk of the Court shall enter judgment in accordance with this order and close the case.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

June 24, 2004

cc:  Leslie H. Johnson, Esq.
     David L. Broderick, Esq.

14